**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frances Gilbert, | No. CV 09-1756-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et. al., | |
| Defendants. | |

Currently pending before the Court is Defendants' Motion to Dismiss, (Dkt. #11), and Plaintiff Frances Gilbert's Motion to Amend/Correct re Amended Complaint. (Dkt. #15). Having reviewed and considered the Parties' briefs, the Court issues the following Order:

I. BACKGROUND

    A. Procedural Background

On August 24, 2009, Pro-se Plaintiff Frances Gilbert filed a Complaint, making numerous allegations of workplace discrimination or mistreatment, but failing to state any specific claims for relief. (Dkt. #1). Plaintiff amended her Complaint on November 17, 2009, but still did not specify any specific claims (Dkt. #5). On December 10, 2009, Defendant Maricopa County filed a Motion to Dismiss. (Dkt. #8). In her response to that motion, Plaintiff did not object to dismissal, (Dkt. #14), and this Court granted Defendant Maricopa County's motion on June 11, 2010. (Dkt. #20). On December 23, 2009 the

remaining Defendants filed a Motion to Dismiss. (Dkt. #11). Plaintiff responded by filing a Motion to Amend/Correct re Amended Complaint. (Dkt. #15), and lodging a Second Amended Complaint that made claims under Title VII and the Age Discrimination in Employment Act. (Dkt. #16). She also responded to Defendant's Motion to Dismiss. (Dkt. #17). On February 11, 2010, Defendants filed their Response to Plaintiff's Motion to Amend and Reply in Support of Their Motion to Dismiss. (Dkt. #18). In this motion, Defendants request that this Court deny Plaintiff's Motion to Amend/Correct as futile. Plaintiff, on February 23, 2010 filed her reply concerning the motion to amend. (Dkt. #19).

II.     LEGAL STANDARD

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course, either twenty-one days after serving it or within twenty-one days after service of a responsive pleading or a motion under 12(b), (e), or (f), whichever is earlier. FED.R.CIV.P. 15(a)(1). Otherwise, a party may only amend its complaint with the opposing party's permission or with leave from the court. FED.R.CIV.P. 15(a)(2). In determining whether amendment is appropriate, the Rules counsel that courts "should freely give leave when justice so requires." Id. And, "[t]his policy in favor of leave to amend must not only be heeded by the Court, see Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), it must also be applied with extreme liberality, see Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 880 (9th Cir.2001)." Salazar v. Lehman Brothers Bank, 2010 WL 1996374, *1 (D. Ariz. May 14, 2010).

A court, however, need not grant leave to amend when the amendment would be futile. See Newland v. Dalton, 81 F.3d 904, 907 (9th Cir. 1995) ("While Fed. R. Civ. P. 15(a) encourages leave to amend, district courts need not accommodate futile amendments."). To determine whether an amendment is futile, the Court uses the same standard as it would when considering a 12(b)(6) motion to dismiss. Farina v. Compuware Corp., 256 F. Supp. 2d 1033, 1060 (D. Ariz. 2003) (citing Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)   The party opposing amendment bares the burden of proving futility. Id. (citing DCD Programs, Ltd v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the plaintiff must simply allege facts sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007); see also Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999) ("A dismissal for failure to state a claim is appropriate only where it appears, beyond doubt, that the plaintiff can prove no set of facts that would entitle it to relief."). In evaluating a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party." Wyler Summit Partnership v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998). However, "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Likewise, "a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965. Finally, the Court must liberally construe pleadings submitted by a pro se claimant, affording the claimant the benefit of any doubt. Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). The Court, however, "may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

III. DISCUSSION

Defendants oppose Plaintiff's Motion to Amend on the grounds that it is futile as to both the state Defendant, Maricopa County Juvenile Probation Department, and the individual Defendants, who are co-workers and supervisors of Plaintiff's. The Court will discuss Plaintiff's arguments first as they apply to Maricopa County Juvenile Probation Department, then as to the other Defendants.

1. Plaintiff's Allegations Against Defendant Maricopa County Juvenile Probation Department

Defendant Maricopa County Juvenile Probation Department ("MCJPD") first opposes Plaintiff's Motion to Amend as futile on the grounds that many of her allegations against it are, in substantial part, barred by the doctrine of res judicata. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or

- 3 -

could have been raised in the prior action." <u>Western Radio Servs. Co. v. Glickman</u>, 123 F.3d 1189, 1192 (9th Cir. 1997). "In order for res judicata to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." <u>Id.</u> "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 713 (9th Cir. 2001) (internal quotations omitted). In other words, Plaintiff is barred from bringing "grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties …on the same cause of action." <u>Id.</u> (internal quotations omitted).

In support of its position, Defendant MCJPD has attached dismissal orders filed in two cases Plaintiff has previously filed in the district of Arizona. The first case, CV-07-00854-FJM, brought April 25, 2007, alleged gender-based employment discrimination against the Maricopa County Superior Court (among others). On May 9, 2008, Judge Martone issued an order granting Defendants' partial motion to dismiss and partial motion for a more definite statement, ordering Plaintiff to file a more definite statement concerning any Title VII sex discrimination claims against the state of Arizona within ten days. (CV-07-00854-FJM, Dkt. #15). Plaintiff failed to comply with the court's order, and her case was dismissed on May 19, 2008. (CV-07-00854-FJM, Dkt. #16). On June 20, 2008, Plaintiff filed another complaint in the district of Arizona, CV-08-01148-LOA, once again alleging gender discrimination at her workplace and naming the Maricopa County Superior Court as a Defendant. Magistrate Judge Anderson, on October 29, 2008, issued an Order, in which he noted that Plaintiff had not served Defendants, and ordered the case to be dismissed in ten days, unless Plaintiff could show good cause for her failure to serve. (CV-08-01148-LOA, Dkt. #6). Plaintiff failed to comply with the court's Order, and her case was dismissed on November 17, 2008. (CV-08-01148-LOA, Dkt. #7).

In her proposed Second Amended Complaint, Plaintiff alleges numerous instances of gender discrimination and states a claim under Title VII Act of 1964, 42 U.S.C.S. § 2000e et seq., against Defendant Maricopa County Juvenile Probation Department, which is merely

- 4 -

a subsection of Maricopa County Superior Court. See Broomfield v. Maricopa County, 112 Ariz. 565, 568, 544 P.2d 1080, 1083 (1975) (noting that probation officers are part of judicial function); State v. Pima County Adult Prob. Dep't, 147 Ariz. 146, 148, 708 P.2d 1337, 1339 (1985) (explaining that statutes and case law demonstrate probation officers are part of the judicial department). There is, therefore, privity between Plaintiff and Defendant MCJPD. Additionally, the previous two dismissals were on the merits, as the Ninth Circuit recognizes that even a dismissal for failure to prosecute, unless otherwise specified, is an adjudication on the merits. Owens, 244 F.3d at 713. "Thus, involuntary dismissal generally acts as a judgment on the merits for the purposes of res judicata." Id. (internal quotations omitted).

Finally, there is an identity of claims, as in her Second Amended Complaint, Plaintiff is once again asserting a claim for Title VII gender-discrimination. Accordingly, allegations that support Plaintiff's Title VII claim that occurred prior to June 20, 2008—of which there are many in her Second Amended Complaint—are barred by the doctrine of res judicata. The fact Plaintiff, subsequent to the date of her latest dismissed lawsuit, received a "right to sue" letter from the EEOC concerning incidents that occurred before June 20, 2008, does not immunize those incidents from a res judicata bar. See id. (rejecting argument that "that res judicata cannot apply because [plaintiffs] were barred from bringing their Title VII claims in the previous action in light of the fact that they had not yet received their 'right to sue' letters from the EEOC.").

Having so determined, the Court turns next to allegations that occurred subsequent to June 20, 2008. Plaintiff's Second Amended Complaint lists four allegations of gender discrimination: (1) another female officer was given an opportunity to volunteer in detention, while Plaintiff was not, (Dkt. #15, ¶ 27); (2) after dislocating her knee, Plaintiff was not accommodated and was required to complete all her normal duties, including walking up and down stairs, while a male officer who broke his leg was allowed to sit at "central post," an accommodation Plaintiff alleges could have been made for her; (Id. at ¶ 28); (3) Plaintiff believed she had joined a subcommittee, but was not scheduled by her male supervisor to attend meetings, (Id. at ¶ 29), and; (4) and another female employee hit Plaintiff on the arm,

which resulted in that female employee being moved. (Id. at ¶ 30).

In order to state a claim under Title VII "the plaintiff must show that (1) [s]he belongs to a protected class; (2) [s]he was qualified for a particular position; (3) [s]he was subject to an adverse employment action; and (4) similarly situated individuals outside h[er] protected class were treated more favorably." Chuang v. University of California, Davis, Bd. of Trustees, 225 F.3d 1115, 1123 (9th Cir. 2000); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Allegations one and four cannot survive a motion to dismiss, as they allege that Plaintiff, a woman, was treated unfavorably as compared to another woman. These allegations do not, therefore, state that a similarly situated individual outside Plaintiff's protected class—i.e. a man—was treated more favorably than was she. As for allegation three, Plaintiff has not plead facts sufficient to support a finding of an adverse employment action. "Among those employment decisions that can constitute an adverse employment action are termination, dissemination of a negative employment reference, issuance of an undeserved negative performance review and refusal to consider for promotion." Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000). Plaintiff's allegation that she was not scheduled to attend a meeting of a subcommittee she merely believed she had joined is insufficiently serious to demonstrate an adverse employment action.

As for allegation two—that Plaintiff was denied an accommodation of her injury, whereas a male employee was given an accommodation for his injury—it appears to better resemble a claim under the Americans with Disabilities Act ("ADA"), but Plaintiff's Second Amended Complaint does not seek relief under the ADA. The court, therefore, will treat allegation two as a claim brought under Title VII. Once again, the Court finds that Plaintiff has not plead an adverse employment action. Although the Court is unaware of any such authority, it is conceivable that failing to accommodate an ADA disability based on gender could rise to the level of an adverse employment action under Title VII. Plaintiff, however, has not plead any facts that would give rise to a claim that she is disabled under the ADA or suggested she has such a disability. See 42 U.S.C. § 12102(2) (under the ADA, a person is disabled when they have (1) a physical or mental impairment that substantially limits one or

more major life activities; (2) a record of such impairment; or (3) is regarded as having such an impairment.). Absent such a legally cognizable disability, Defendant's alleged failure to modify Plaintiff's job responsibilities while she recovered from a dislocated knee does not constitute an adverse employment action. It is not analogous to being terminated, receiving a negative reference, or not being promoted, and Plaintiff has not stated that her employment status with Maricopa County Juvenile Probation Department suffered as a result. See Brooks, 229 F.3d at 928; Steiner v. Showboat Operating Co., 25 F.3d 1459, 1465 n.6 (9th Cir. 1994) (questioning existence of "adverse" employment action where employee "was not demoted, or put in a worse job, or given any additional responsibilities").

Plaintiff's Second Amended Complaint also alleges violations of the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C.S. § 621 et seq.. The state, however, is immune from prosecution for such claims. See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 83 (2000) (finding that the ADEA does not abrogate state's sovereign immunity). Accordingly, Plaintiff's Second Amended Complaint against Defendant MCJPD are futile.

### 2. Plaintiff's Allegations Against her Co-Workers and Supervisors

In addition to her claims against Defendant MCJPD, Plaintiff names numerous co-workers and supervisors as Defendants in her Second Amended Complaint. The Ninth Circuit, however, has clearly held that Title VII and the ADEA do not provide a cause of action against supervisors or co-workers. Miller v. Maxwell's Int'l, 991 F.2d 583, 588 (9th Cir. 1993) (holding that individual defendants, including supervisory employees, cannot be held individually liable under Title VII or the ADEA). Consequently, the claims made against individual Defendants in Plaintiff's Second Amended Complaint are futile as well.

### 3. Conclusion

Because Plaintiff's Second Amended Complaint does not state any grounds for relief against Defendant MCJPD or the individual Defendants, it is futile. Accordingly, this Court, in its discretion, denies Plaintiff's Motion to Amend. Having so done, it now

1  moves on to consider Defendant's Motion to Dismiss based on Plaintiff's First Amended
2  Complaint.

3       B.     Defendant's Motion to Dismiss

4        Plaintiff's First Amended Complaint suffers from many, if not more, of the
5  deficiencies highlighted by the Court concerning her Second Amended Complaint. First
6  and foremost, Plaintiff's First Amended Complaint does not identify any specific legal
7  claims. Instead, it consists almost entirely of factual assertions. Based on the language of
8  those assertions, Plaintiff surmises, and this Court agrees, that Defendant is attempting to
9  bring claims under Title VII, the ADA, and the ADEA against the state and numerous
10 individual defendants. As this Court has already explained, Plaintiff may not sue
11 individuals, such as co-worker or supervisors, under Title VII, the ADA, or ADEA.
12 Miller, 991 F.2d at 588; see Ransom v. Arizona Bd. of Regents, 983 F. Supp. 895, 904
13 (D. Ariz. 1997) (same). Likewise, Plaintiff cannot sue the state for violations of ADA or
14 ADEA. See Kimel, 528 U.S. at 83 (finding that the ADEA does not abrogate state's
15 sovereign immunity); Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 374
16 (2001) (finding that the ADA does not abrogate state's sovereign immunity). Finally, as
17 for any Title VII claims Plaintiff intended to bring against Maricopa County Juvenile
18 Probation Department, the Court finds her Complaint lacking the requisite specificity.
19 Plaintiff's Complaint makes many accusations, but they are entirely general in nature,
20 both as to the climate of her workplace—"[t]here is a pattern of discrimination towards
21 women" that allegedly Defendants have chosen to ignore, (Dkt. # 5, ¶8), "the work
22 environment is extremely hostile towards women," (Id. at ¶8), "the work environment is
23 extremely hostile towards persons over 40 years of age," (Id. at ¶11), and "training with
24 the Durango Juvenile Detention Center is not adequate", (Id. at ¶21)— and the treatment
25 she allegedly received there. For instance, Plaintiff alleges she has been excluded from
26 meetings and committees that were open to others, but does state not when, which
27 committee, or who was included at her expense. (Id. at ¶16). Plaintiff also states
28 retaliatory actions have been taken against her for internal complaints concerning breach

of policy, but does not specifically state when, why, or where the alleged retaliation occurred. (Id. at ¶12).

In short, taking Plaintiff's allegations as true, they are not specific enough to state a claim for relief and, therefore, do not rise about the speculative level necessary to proceed.[1] Indeed, Plaintiff's First Amended Complaint falls short of even a bare recitation of elements of a cause of action under Title VII. The Court, therefore, must grant Defendant's Motion to Dismiss.

**Accordingly,**

**IT IS HEREBY ORDERED** denying as futile Plaintiff's Motion to Amend. (Dkt. #15).

**IT IS FURTHER ORDERED** granting Defendants' Motion to Dismiss. (Dkt. #11).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 28th day of June, 2010.

_____
Mary H. Murguia
United States District Judge

---

[1] Plaintiff attempted to address the deficiencies in specificity in her Second Amended Complaint. As the Court has explained, that attempt was futile.